**LAW OFFICES OF SANFORD M. PASSMAN**
Sanford M. Passman, Esq., SBN 77701
6303 Wilshire Boulevard, Suite 207
Los Angeles, CA 90048
(323) 852-1883 phone; (323) 852-1899 fax
sandy@sandypassman.com

**COHEN LAW GROUP**
**Attorneys at Law,**
H. Jason Cohen, Esq., SBN 188783
2300 Westwood Blvd. 2nd Floor
Los Angeles, CA 90064
Phone: (310) 359-6300; Fax (213) 239-9409
hjc@hjclawgroup.com

Attorneys for Plaintiff,
Steven J. Lang

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN J. LANG,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a school district duly organized and existing under the laws of the State of California, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**1. CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §§ 1983** - Violation of Equal Protection<br><br>**2. CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §§ 1983** - Failure to Train<br><br>**3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff STEVEN LANG, by and through his counsel of record, as and for his Complaint against Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT, a school district duly organized and existing under the laws of the State of California, and Does 1-10, inclusive, alleges as follows:

///

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's action against Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT, in accordance with *28 U.S.C. §1331,* as his claims arise under *42 U.S.C. §1983.*

2. Venue is proper in this District under *28 U.S.C. §1331(b)(1)*, as the Central District for California is the judicial district in which the defendant resides. Venue is also proper in the Central District under *28 U.S.C. §1331(b)(2)*, as all or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES TO THIS ACTION

3. Plaintiff STEVEN LANG (hereinafter sometime referred to as "LANG" or "Plaintiff") is a sixty-five (65) year old individual resident of the State of California, County of Los Angeles. At all relevant times mentioned herein, Plaintiff was continuously employed by Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT (hereinafter sometimes referred to as "LAUSD" or "Defendant") as a public school teacher.

4. At all relevant times mentioned herein, Defendant LAUSD" was and is, a public school district operating in Los Angeles County, California, is organized under *California Education Code §§ 35000 et seq.,* and has broad authority to carry on activities and programs independent of the *State of California. See Cal. Ed. Code § 35160.1(b).* Defendant LAUSD, as a local educational agency, also holds the power to sue and may be sued under *California Education Code § 35162*, and on information and belief, is independently liable for all debts, contracts, judgments and obligations.

5. Plaintiff is informed and believes, and based thereon alleges that at all times material hereto and mentioned herein, each of the Defendants (both named and DOE defendants) sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or

employment and with the authority, consent, approval and ratification of each remaining Defendant. Plaintiff is further informed and believes, and based thereon alleges that all relevant times mentioned herein, that Defendants, and each of them, including without limitation those Defendants herein sued as DOES 1 through 10, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert with the other and all together.

6. Plaintiff is further informed and believe, and based thereon allege that each DOE Defendant is responsible for the action herein alleged. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## COMMON ALLEGATIONS

7. For thirty-seven (37) years, Plaintiff LANG was continuously employed by Defendant LAUSD until February 27, 2014, wherein he was forced to prematurely retire.

8. From January 27, 1977 to 2010, Plaintiff was assigned to a local high school identified as Fremont High School ("Fremont HS") wherein he taught and acted as the school's track coach. In 2010, LANG was reassigned to teach as a local middle school, identified as Bethune Middle School ("Bethune MS"). Approximately a year later, in or around February 2011, Plaintiff was again reassigned to Crenshaw High School ("Crenshaw HS"), wherein he was employed as social studies teacher and track coach.

9. At the time of LANG's assignment to Crenshaw HS, the school's principal was Ms. Carrie Allen ("Principal Allen"). Plaintiff is informed and believes and based thereon alleges that in the Summer of 2011, Principal Allen was replaced by another

individual, identified as Dr. Sylvia Rousseau ("Principal Rousseau"). Thereafter, in or around July 2012, Principal Rousseau was also replaced as Crenshaw HS' principal, by another individual, identified as L. Remon Corley ("Principal Corley"). Plaintiff is further informed and believes that Principal Corley is the current principal of Crenshaw HS.

10. On or about June 6, 2011, a Crenshaw HS student in one of the classes that LANG was assigned to teach, and whom is anonymously identified as "WL", notified a school administrator that on several occasions between the dates of February 1, 2011 and June 6, 2011, LANG had inappropriately touched her and made inappropriate comments to her, during class hours. Immediately thereafter, the school administrator advised Principal Allen, the Los Angeles Police Department ("LAPD"), and the Los Angeles Department of Child Services ("DCSF") were also notified of the allegations.

11. Plaintiff is informed and believes that the LAPD commenced an investigation concerning these allegations. During its interview with WL, she advised officers that she neither believed LANG acted in a sexual manner, nor did ever intend "to file a police report." She further stated that "had she known that police would get involved, she would not have spoke to the principal" and refused to sign "the LAPD Investigation Report." On or about June 28, 2011, the LAPD submitted its Investigation Report to the Los Angeles City Attorney's Office ("City Attorney") for filing, as is required by law. The City Attorney ultimately rejected the case due to insufficient evidence.

12. On June 8, 2011, Crenshaw HS commenced its own administrative investigation into WL's allegations. During this investigation LANG was interviewed by Principal Allen and informed of the accusations of misconduct, all of which he vehemently denied. He was also notified that, pending the outcome of the school's investigation, he was to be "housed" at LAUSD's District 3 Administrative offices, during school hours. Within the LAUSD, a teacher that has been "housed" in LAUSD's Administrative Office is more commonly known as being placed in "Teacher's Jail."

///

13. Contemporaneously, Crenshaw HS' then acting Dean of Students, Michael Griffin ("Griffin"), and Assistant Principal, Wesley Ace ("Ace"), randomly selected thirty (30) or more students from LANG's six (6) assigned classes and obtained a written statement from each of them. One of those students, anonymously identified as "BT", made similar accusations against LANG as WL. However, all of the remaining students stated that LANG "was a good teacher," and "none of them reported that they observed anything out of the ordinary and they did not witness any inappropriate behavior by LANG towards [WL], [BT] or any other student in his classes." They also obtained a written statement from a "transitional" teacher identified as Tim Johnson ("Johnson"). According to Johnson, he was assigned to LANG's class on June 6, 2011 and "he did not witness anything that would be deemed inappropriate by Mr. Lang."

14. Following this investigation, LANG was cleared of any wrong doing by Griffin. However, Plaintiff is informed and believes that on or about June 28, 2011, LAUSD, by and through its Employee Relations Investigations Unit ("IU"), ignored this clearance and unilaterally commenced a second administrative investigation at the school.

15. From June 28, 2011 through April 3, 2012, IU investigators made several attempts to interview WL and BT that proved unsuccessful because both moved to Florida and no current contact information was obtained. However, the following interviews were conducted as part of IU's investigation:

a. **Carrie Allen**. During her interview with IU investigators, Principal Allen confirmed that (i) at the time of the incident, "WL and BT were close friends who were both 18 years old and each had sons who were both two years old," and (ii) none of the interviews from the above referenced students contained any "information that corroborated the allegations made by [WL] and [BT]."

b. **Sylvia Rousseau**. Principal Rousseau claimed ignorance of "anything concerning the incident" because ". . . when she started . . . the decision to 'house' LANG had already been made. . ."

c. **Wesley Ace.** During his interview, Ace confirmed that he randomly interviewed thirty (30) students from LANG's classes, and each stated that LANG "was a good teacher and they did not notice 'anything strange or out of the ordinary."

d. **Tim Johnson**. IU investigators were informed that Johnson was present in LANG's class on June 6, 2011, and that "he never observed anything that was inappropriate by LANG to any of his students, boys or girls." Johnson also stated that, as a "mandated reporter," he would have reported any inappropriate conduct, and "was shocked to hear that there were such allegations against LANG."

e. **Plaintiff Steven Lang**. Lang vehemently denied all of the allegations leveled against him by WL and BT, and provided IU investigators a detailed account of his interactions with both students. When asked whether he would submit to a polygraph examination, he readily agreed.

16. IU investigators also determined that in the thirty four (34) years that LANG had then been employed by LAUSD, no complaints or allegations of "sexual misconduct" had ever been leveled against him.

17. Despite having his previously having been administratively and criminally cleared of any wrong doing, from June 2011 through the Fall of 2012, LANG was prohibited from returning to his classroom and remained in "Teacher's Jail." significantly, District 3"s Administrative Offices are located at 6651A Balboa Blvd, Van Nuys, California, which is approximately 30 miles from LANG's residence in Los Angeles. As such, he was required to travel approximately 300 miles per week in his own vehicle, and at his own expense. In or around November, 2012, LANG was reassigned to a different "Teacher's Jail" located within LAUSD's Central Administration Office, in Downtown Los Angeles. There he would remain until February 27, 2014.

18. For three (3) years, LANG made numerous inquires to the LAUSD as to why he was not being assigned to a classroom, and on each such occasion, he was told that his matter was being reviewed. However, LANG later discovered that his name had been

removed by the Superintendent, or someone in his office, from a list of teachers who had been approved to return to the classroom. Having no belief that he would ever be permitted teach, LANG opted to submit his application for retirement, effective February 27, 2014.

19. However, on February 27, 2014, LANG was served with written notice from Principal Corley, Crenshaw HS' then active principal, of the LAUSD's reinstatement of the allegations of misconduct and its recommendation for a suspension with dismissal. Plaintiff is informed and believes that either contemporaneously therewith or soon thereafter, the California Commission on Teacher Credentialing ("Commission") was also notified of the LAUSD's "reinstatement" of these allegations, with no reference to other reference to the multiple investigations that were conducted or any of the evidence obtained therein.

20. As LANG would later learn, the timing of the LAUSD's reinstatement of these allegations was solely designed to invoke *California Education Code §§ 44242.5, 44244, and 44421*,which vests the Commission with the jurisdiction and authority to discipline any credentialed teacher who submits their resignation for the purposes of retirement, while allegations of misconduct and recommendations for suspension and/or dismissal remain pending.

21. Accordingly, on or about June 2, 2014, LANG received a written inquiry from the Commission, to which he responded with a detailed account of each of the above referenced investigations and the fact that he was criminally and administrative cleared of any wrong doing in June 2011. To substantiate this claim, he also provided the Commission with a written statement from Mr. Michael Griffin, who unambiguously confirmed his having cleared LANG of any wrong doing.

22. On July 29, 2014 the Commission prepared an "Investigative Report" attendant to this matter, wherein it references several mitigating factors, such as LANG being cleared of any wrong doing, based on the exculpatory evidence Griffin obtained during his investigation. Significantly, this report also states, in pertinent part:

> "[LAUSD] did not initially provide the [District Employee Relations Investigations Unit Report, April 3, 2012]. On

> July 17, 2014, Respondent informed the Commission that an investigation was conducted by the District; therefore, the Commission requested the documents from the District. This report along with other documents was received at the Commission on July 25, 2014.

23. On October 22, 2014, LANG received written correspondence, which was also sent to the LAUSD, stating that "The Committee of Credentials, after careful review and consideration of the materials contained in your file, has determined to close its investigation and to recommend no adverse action at this time."

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

**(Deprivation of Equal Protection)**

**(As Against All Defendants)**

24. Plaintiff refers to and incorporates by reference paragraphs 1 through 23 of the Complaint, set forth above, as though fully set forth herein.

25. Plaintiff alleges that at all relevant times mentioned herein, said Defendants and their personnel knew of the falsity and meritless nature of the allegations against LANG. The IU investigators' written report establishes the substantial amount of exculpatory evidence in LANG's favor, and the lack of any evidence that would tend to corroborate or substantiate the allegations of misconduct against him. However, said Defendants and their personnel continued to use these uncorroborated and unsubstantiated accusations as a means to justify their indefinitely suspending LANG from his position and "housing" him at LAUSD's Administrative offices, constructively terminating him from his position, and thereafter wrongfully attempting to have the California Commission on Teaching Credentialing revoke his teaching credentials.

26. Plaintiff further alleges that said Defendants' premeditated conduct created a false premise upon which disciplinary action could be taken against Plaintiff LANG. In doing so, it also essentially created a stressful, unhealthy, and unsettling atmosphere that forced him to prematurely retire.

//

27. By their conduct alleged herein above, Defendants and each of them, acting under color of law and in concert with one another, exceeded and/or abused the authority granted to them under state and federal law.

28. Plaintiff alleges that said Defendants' conduct, as alleged herein above, subjected him to unequal discipline, and infringed on his guaranteed rights and freedoms. By purposefully depriving LANG of his civil rights as alleged herein, Defendants and each of them, deprived the Plaintiff of the equal protection of the law within the meaning of the Fourth and Fourteenth Amendments to the U.S. Constitution. These actions violated LANG's Constitutional rights, entitling him to a private right of action pursuant to *42 U.S.C. § 1983.*

29. As a direct and proximate cause of the conduct of the Defendants and each of them, Plaintiff LANG suffered damages in an amount to be proven at time of trial. Plaintiff will also incur attorneys fees and costs in the prosecution of this action, and therefore seeks an award of his attorneys fees and costs, pursuant to *42 U.S.C. §1988.*

30. Plaintiff alleges that said Defendants' conduct, as alleged herein above, so recklessly disregarded Plaintiff's civil rights that their conduct "reflects a complete indifference to the Plaintiff's safety or rights" and is deserving of punishment and deterrence. Therefore, Plaintiff seeks punitive damages against these Defendants, and each of them, in an amount according to proof at trial.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983**

**(Failure to Train and/or Supervise)**

**(As Against All Defendants)**

31. Plaintiff refers to and incorporates by reference paragraphs 1 through 23 of the Complaint, set forth above, as though fully set forth herein.

32. By their conduct alleged herein above, Defendants and each of them, acting under color of law and in concert with one another, exceeded and/or abused the authority granted to them under state and federal law.

33. Plaintiff alleges the Defendants and each of them, failed to properly train and/or supervise their personnel with respect to the management practices and procedures of the LAUSD, including, but not limited to the correct procedures for conducting an internal investigation prior to the imposition of sanctions and/or punishment. Plaintiff further alleges that said Defendants and each of them, knew and/or should have known, and/or had actual and/or constructive notice that their failure to train would violate the Constitutional Rights of their employees, such as Plaintiff LANG.

34. Plaintiff alleges that said Defendants' failure to train their personnel and agents subjected LANG to unequal discipline, and infringed on his guaranteed rights and freedoms by indefinitely suspending LANG from his position and "housing" him at LAUSD's Administrative offices, constructively terminating him from his position by prematurely forcing him into retirement, and thereafter wrongfully attempting to have the California Commission on Teaching Credentialing revoke his teaching credentials.

35. Plaintiff alleges that said Defendants' conduct, as alleged herein above, subjected him to unequal discipline, and infringed on his guaranteed rights and freedoms. By purposefully depriving LANG of his civil rights as alleged herein, Defendants and each of them, deprived the Plaintiff of the equal protection of the law within the meaning of the Fourth and Fourteenth Amendments to the U.S. Constitution. These actions violated LANG's Constitutional rights, entitling him to a private right of action pursuant to *42 U.S.C. § 1983.*

36. As a direct and proximate cause of the conduct of the Defendants and each of them, Plaintiff LANG suffered damages in an amount to be proven at time of trial. Plaintiff will also incur attorneys fees and costs in the prosecution of this action, and therefore seeks an award of his attorneys fees and costs, pursuant to 42 U.S.C. §1988.

37. Plaintiff alleges that said Defendants' conduct, as alleged herein above, so recklessly disregarded Plaintiff's civil rights that their conduct "reflects a complete indifference to the Plaintiff's safety or rights" and is deserving of punishment and deterrence. Therefore, Plaintiff seeks punitive damages against these Defendants, and each of them, in an amount according to proof at trial.

**THIRD CLAIM FOR RELIEF**

**INFLICTION OF EMOTION DISTRESS**

**(As to all Defendants)**

38. Plaintiff refers to and incorporates by reference paragraphs 1 through 37 of the Complaint, set forth above, as though fully set forth herein.

39. Plaintiff alleges that Defendants and each of them, purposely, deliberately and intentionally carried out the aforesaid acts pleaded above, and purposely caused Plaintiff to suffer extreme and severe emotional distress.

40. Plaintiff further alleges that said Defendants' conduct and actions as alleged herein above, were outrageous and so extreme that it exceeded all bounds of that usually tolerated in a civilized society.

41. Plaintiff alleges that said Defendants' conduct, as alleged herein above, so recklessly disregarded Plaintiff's civil rights that their conduct "reflects a complete indifference to the Plaintiff's safety or rights." Said Defendants' conduct was so outrageous and extreme that it exceeded all bounds of that usually tolerated in a civilized society, and is deserving of punishment and deterrence. Therefore, Plaintiff seeks punitive damages against these Defendants, and each of them, in an amount according to proof at trial.

42. As a further direct and proximate cause of the conduct of the Defendants and each of them, Plaintiff LANG suffered damages in an amount to be proven at time of trial. Plaintiff will also incur attorneys fees and costs in the prosecution of this action, and therefore seeks an award of his attorneys fees and costs, pursuant to *42 U.S.C. §1988.*

///

**PRAYER**

**WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:**

a) Special damages in amounts according to proof at time of trial;

b) General Damages in an amount according to proof at time of trial;

b) Punitive damages according proof at time of trial;

c) An award of attorney's fees and costs of suit, plus interest, pursuant to 42 U.S.C. §1988 and other applicable statutes;

e) Cost of suit and an award of pre-Judgment interest, and;

f) Such further relief as the Court may deem just or proper.

**Dated: November 10, 2014**

**COHEN LAW GROUP**
**Attorneys at Law**

**BY:**

**H. Jason Cohen, Esq.**
**Sanford M. Passman, Esq.**
**Attorneys for Plaintiff,**
**Steven Lang**

**DEMAND FOR JURY TRIAL**

Plaintiff STEVEN LANG, respectfully request that the present matter be set for a jury trial.

**Dated: November 10, 2014**

**COHEN LAW GROUP**
**Attorneys at Law**

**BY:** ______________________

**H. Jason Cohen, Esq.**
**Sanford M. Passman, Esq.**
**Attorneys for Plaintiff,**
**Steven Lang**